**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>PEABODY ENERGY CORPORATION., et al.,<br><br>Debtors | Chapter 11 Case No.<br>16-42529-399<br>(Jointly Administered) |
| PEABODY ENERGY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>CITIBANK, N.A., et al.,<br><br>Defendants. | Adversary Proceeding<br>No. 16-04068-399 |

**ANSWER OF PEABODY ENERGY CORPORATION AND ITS AFFILIATED
DEBTORS AND DEBTORS IN POSSESSION TO CITIBANK, N.A.'S
ANSWER AND AMENDED COUNTERCLAIM FOR DECLARATORY RELIEF**

Peabody Energy Corporation and those of its affiliated debtors and debtors in possession that are named plaintiffs in the above-captioned proceeding (the "CNTA Proceeding," and, the debtor plaintiffs collectively, "Peabody") submit this answer to Citibank, N.A.'s Answer and Amended Counterclaim for Declaratory Relief, dated September 13, 2016 [ECF No. 171] (the "Amended Counterclaim"), and respectfully represent as follows:

**ANSWER**

Peabody denies all allegations in Citibank's Amended Counterclaim that are not specifically admitted.

1.  For its response to the allegations of Paragraph 1, Peabody states that it lacks knowledge or information sufficient to form a belief as to the reasons that Citibank brings a counterclaim.

1

2. For its response to the allegations of Paragraph 2, Peabody admits the allegations of the first sentence of paragraph 2; for its response to allegations of the second and third sentences of paragraph 2, Peabody states that the First Lien Credit Agreement speaks for itself as to its contents; Peabody denies Citibank's characterization of the document.

3. Peabody admits the allegations of the first sentence of Paragraph 3 and denies the remaining allegations of paragraph 3.

4. For its response to the allegations of Paragraph 4, Peabody states that the senior note indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

5. For its response to the allegations of Paragraph 5, Peabody states that the relevant documents speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents; and otherwise denies the allegations of Paragraph 5.

6. For its response to the allegations of Paragraph 6, Peabody states that the allegations contained therein are characterizations of Citibank's claims and legal conclusions for which no response is required; furthermore, Peabody states that the First Lien Credit Agreement speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

7. For its response to Paragraph 7, Peabody states that the First Lien Credit Agreement speaks for itself as to its contents and Peabody denies Citibank's characterization of the document; Peabody otherwise denies the allegations of Paragraph 7.

8. For its response to Paragraph 8, Peabody states that that the Reference Indentures speak for themselves as to their contents; Peabody otherwise denies the allegations of Paragraph 8.

9. For its response to Paragraph 9, Peabody states that the allegations of Paragraph 9 constitute legal conclusions as to which no response is required; furthermore, Peabody states that

the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

10. For its response to Paragraph 10, Peabody states that the allegations of Paragraph 10 constitute legal conclusions for which no response is required; further, Peabody states that the Form 10-Q for the third quarter of 2015 and the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents; Peabody otherwise denies the allegations of paragraph 10.

11. Peabody denies the allegations of Paragraph 11; Peabody further states that the Complaint speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

12. For its response to Paragraph 12, Peabody states that the allegations of Paragraph 12 constitute legal conclusions as to which no response is required; Peabody otherwise denies the allegations of Paragraph 12, except to admit Citibank requests the cited relief.

13. For its response to Paragraph 13, Peabody states that it lacks knowledge or information necessary to form a belief as to the truth therein.

14. Peabody admits the allegations of Paragraph 14.

15. For its response to Paragraph 15, Peabody states that the allegations of Paragraph 15 constitute legal conclusions to which no response is required.

16. For its response to Paragraph 16, Peabody states that the allegations of Paragraph 16 constitute legal conclusions to which no response is required.

17. For its response to Paragraph 17, Peabody states that the allegations of Paragraph 17 constitute legal conclusions to which no response is required.

18. For its response to Paragraph 18, Peabody states that the allegations of Paragraph 18 constitute legal conclusions to which no response is required.

19. For its response to the allegations of Paragraph 19, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

20. For its response to the allegations of Paragraph 20, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

21. For its response to the allegations of Paragraph 21, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

22. For its response to the allegations of Paragraph 22, Peabody states that the allegations of Paragraph 22 constitute a legal conclusion as to which no response is required.

23. For its response to the allegations of Paragraph 23, Peabody states that the allegations of Paragraph 23 constitute a legal conclusion as to which no response is required; furthermore, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

24. For its response to the allegations of Paragraph 24, Peabody states that the allegations of Paragraph 24 constitute a legal conclusion as to which no response is required.

25. For its response to the allegations of Paragraph 25, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

26. For its response to the allegations of Paragraph 26, Peabody states that the allegations of Paragraph 26 constitute a legal conclusion as to which no response is required.

27. For its response to the allegations of Paragraph 27, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

28.     For its response to the allegations of Paragraph 28, Peabody states that the allegations of Paragraph 28 constitute a legal conclusion as to which no response is required.

29.     For its response to the allegations of Paragraph 29, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

30.     For its response to the allegations of Paragraph 30, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

31.     Peabody denies the allegations of Paragraph 31.

32.     For its response to the allegations of Paragraph 32, Peabody admits that it faced financial difficulty from declining coal prices in 2013 and sought to improve its financial situation; Peabody further states that the 2013 10-K speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

33.     Peabody denies the allegations of Paragraph 33 and avers that a variety of factors affected the Company's financial performance in 2013.

34.     For its response to the allegations of Paragraph 34, Peabody denies the allegations of the first sentence of paragraph 34 and further states that the documents referenced therein speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

35.     For its response to the allegations of Paragraph 35, Peabody states that the 2013 Credit Agreement speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

36.     For its response to the allegations of Paragraph 36, Peabody states that the 2013 Credit Agreement speaks for itself as to its contents and Peabody denies Citibank's

5

characterization of the document; Peabody further states that the allegations of the last sentence of Paragraph 36 constitute a legal conclusion as to which no response is required.

37. For its response to the allegations of Paragraph 37, Peabody admits that coal prices continued to decline in 2014; Peabody further states that the 2014 10-K speaks for itself as to its contents and Peabody denies Citibank's characterization of the document; Peabody denies the remaining allegations of Paragraph 37.

38. Peabody denies the allegations of Paragraph 38.

39. For its response to the allegations of Paragraph 39, Peabody states that the First Lien Credit Agreement and the Form 8-K filed with the SEC on February 6, 2015 speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

40. For its response to the allegations of Paragraph 40, Peabody states that the First Lien Credit Agreement and the Form 8-K filed with the SEC on February 6, 2015 speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

41. Peabody denies the allegations of Paragraph 41.

42. For its response to the allegations of Paragraph 42, Peabody states that the First Lien Credit Agreement and the Form 8-K filed with the SEC on February 6, 2015 speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

43. For its response to the allegations of Paragraph 43, Peabody states that the First Lien Credit Agreement speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

44. For its response to the allegations of Paragraph 44, Peabody states that the First Lien Credit Agreement and the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents; Peabody denies the remaining allegations of Paragraph 44.

45. For its response to the allegations of Paragraph 45, Peabody states that the First Lien Credit Agreement speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

46. For its response to the allegations of Paragraph 46, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

47. For its response to the allegations of Paragraph 47, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

48. For its response to the allegations of Paragraph 48, Peabody states that the Reference Indentures speak for themselves as to their contents and Peabody denies Citibank's characterization of the documents.

49. For its response to the allegations of Paragraph 49, Peabody admits the allegations of the first sentence of Paragraph 49 and states that the second sentence of Paragraph 49 contains legal conclusions as to which no response is required.

50. Peabody denies Citibank's characterization of the allegations within Paragraph 50; Peabody admits that between mid-February 2016 and May 2016, Peabody attended meetings with both Citibank and representative members of the Ad Hoc Group and their respective professionals during which CNTA issues were discussed.

51. For its response to the allegations of Paragraph 51, Peabody states that the relevant document speaks for itself as to its contents and Peabody denies Citibank's characterization of the document; Peabody otherwise denies the remaining allegations of Paragraph 51.

52. For its response to the allegations of Paragraph 52, Peabody states that on March 16, 2016 Peabody filed a Form 10-K and states that it speaks for itself as to its contents and Peabody denies Citibank's characterization of the document.

53. For its response to the allegations of Paragraph 53, Peabody states that the referenced Form 10-K speaks for itself as to its contents and Peabody denies Citibank's characterization of the document; Peabody further states that the allegations of Paragraph 53 constitute legal conclusions for which no response is required.  Peabody otherwise denies the remaining allegations of Paragraph 53.

54. For its response to the allegations of Paragraph 54, Peabody states that the allegations of Paragraph 54 constitute legal conclusions to which no response is required.

55. For its response to the first and second sentences of Paragraph 55, Peabody refers to the transcript of the February 11, 2016 Earnings Call which speaks for itself as to its contents; Peabody also states that its prior public statements speak for themselves and Peabody denies Citibank's characterization of those statements; the remaining allegations of Paragraph 55 contain legal conclusions as to which no response is required.

56. For its response to Paragraph 56, Peabody admits the first two sentences of Paragraph 56; Peabody further states that the Interim DIP Order speaks for itself and Peabody denies Citibank's characterization of the document.

57. For its response to the allegations of Paragraph 57, Peabody states that the allegations of Paragraph 57 constitute legal conclusions to which no response is required.

58. For its response to the allegations of Paragraph 58, Peabody states that the allegations of Paragraph 58 constitute legal conclusions to which no response is required; Peabody further states that the Q3-10-Q speaks for itself as to its contents and Peabody denies Citibank's characterization of that document.

59. For its response to the allegations of Paragraph 59, Peabody states that the allegations of Paragraph 59 contain legal conclusions as to which no response is required; and Peabody further states that the 2015 10-K referenced therein, speaks for itself as to its contents and Peabody objects to Citibank's characterization of the document.

60. Peabody admits the allegations of Paragraph 60.

61. For its response to Paragraph 61, Peabody states that the Debtors' DIP Motion speaks for itself and Peabody denies Citibank's characterization of the document; Peabody otherwise denies the remaining allegations of Paragraph 61.

62. Peabody denies the allegations of Paragraph 62.

63. Peabody denies the allegations of Paragraph 63.

64. Peabody incorporates its responses to each of the above allegations by reference, as if fully set forth herein.

65. For its response to the allegations of Paragraph 65, Peabody states that the allegations of Paragraph 65 constitute legal conclusions to which no response is required.

66. For its response to the allegations of Paragraph 66, Peabody states that the allegations of Paragraph 66 constitute legal conclusions to which no response is required.

67. For its response to the allegations of Paragraph 67, Peabody states that the allegations of Paragraph 67 constitute legal conclusions to which no response is required.

68. For its response to the allegations of Paragraph 68, Peabody states that the allegations of Paragraph 68 constitute legal conclusions to which no response is required.

69. For its response to the allegations of Paragraph 69, Peabody states that the allegations of Paragraph 69 constitute legal conclusions to which no response is required.

70. For its response to the allegations of Paragraph 70, Peabody states that the allegations of Paragraph 70 constitute legal conclusions to which no response is required.

71. For its response to the allegations of Paragraph 71, Peabody states that the allegations of Paragraph 71 constitute legal conclusions to which no response is required.

72. Peabody incorporates its responses to each of the above allegations by reference, as if fully set forth herein.

73. For its response to the allegations of Paragraph 73, Peabody states that the allegations of Paragraph 73 constitute legal conclusions to which no response is required.

74. For its response to the allegations of Paragraph 74, Peabody states that the allegations of Paragraph 74 constitute legal conclusions to which no response is required.

75. For its response to the allegations of Paragraph 75, Peabody states that the allegations of Paragraph 75 constitute legal conclusions to which no response is required.

76. Peabody denies the allegations of Paragraph 76.

## AFFIRMATIVE DEFENSES

Peabody asserts the following defenses without assuming the burden of proof of any such defenses that would otherwise rest with Citibank:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Counterclaim is uncertain, vague, ambiguous, improper, and unintelligible

### THIRD DEFENSE

The Counterclaim is barred, in whole or in part, by the parol evidence rule.

### FOURTH DEFENSE

The Counterclaim is barred, in whole or in part, because Citibank has not incurred any damages in connection with the claims asserted therein.

### FIFTH DEFENSE

The Counterclaim is barred, in whole or in part, because Citibank failed to mitigate, or reasonably attempt to mitigate, his damages, if any, as required by law.

### SIXTH DEFENSE

The Counterclaim is barred, in whole or in part, under the doctrines of estoppel, waiver, ratification, and/or acquiescence.

### SEVENTH DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH DEFENSE

Peabody asserts all other affirmative defenses that may be revealed during the course of discovery.

### NINTH DEFENSE

Because the Counterclaim only alleges conclusions of fact and law, answering Defendant cannot fully anticipate all affirmative defenses that may be applicable.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### **PRAYER FOR RELIEF ON TRUSTEE'S COUNTERCLAIM**

WHEREFORE, Peabody respectfully requests that this Court enter an order dismissing the Amended Counterclaim with prejudice, awarding Peabody its costs, expenses and reasonable attorneys' fees in defending this action, and granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: October 4, 2016
/s/ *Steven N. Cousins*
Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
Email: scousins@armstrongteasdale.com
Email: sehlers@armstrongteasdale.com

*Counsel to Peabody Energy Corporation and its Affiliated Debtors and Debtors In Possession*

Richard I. Werder, Jr. (admitted pro hac vice)
James C. Tecce (admitted pro hac vice)
Corey Worcester (admitted pro hac vice)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849 7000
Facsimile: (212) 849-7100

*Special Counsel to Peabody Energy Corporation and its Affiliated Debtors and Debtors In Possession*

12